UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 10445 |
| v. | ) |
| | ) Chief Judge Rubén Castillo |
| CORRECTIONAL OFFICER BRYANT, | ) |
| COUNTY OF COOK, ILLINOIS, and | ) |
| THOMAS J. DART, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Jose Brown ("Plaintiff"), a detainee at the Cook County Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 against Correctional Officer Bryant ("Bryant"), County of Cook, Illinois ("Cook County"), and Thomas Dart, Sheriff of Cook County ("Dart") (collectively, "Defendants") based on Bryant's alleged use of excessive force. (R. 45, Am. Compl.) Before the Court is a joint motion by Cook County and Dart to dismiss the claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 56, Mot.; R. 45, Am. Compl.) For the reasons stated below, the Court denies the motion.

### BACKGROUND

In his amended complaint, Plaintiff alleges that on October 18, 2015, he was engaged in a physical altercation with another detainee in his cell. (R. 45, Am. Compl. ¶¶ 19-20.) A correctional officer observed the altercation and alerted other officers over his two-way radio. (*Id.* ¶ 21.) After the altercation ended and the other detainee returned to his own cell, Bryant arrived in Plaintiff's cell in response to the first officer's alert. (*Id.* ¶ 22.) Plaintiff alleges that correctional officers typically take detainees to a medical facility after physical altercations are

reported. (*Id.*) Assuming that he would be taken to the medical facility, Plaintiff began to fully clothe himself. (*Id.*) Upon entering Plaintiff's cell, however, Bryant allegedly pushed Plaintiff to the ground, kneed him several times, and used racial slurs against him. (*Id.* ¶¶ 23-24.) A struggle between Plaintiff and Bryant ensued, after which Bryant was able to place Plaintiff's left hand in hand cuffs. (*Id.* ¶ 25.) With one of Plaintiff's hands cuffed behind his back, Bryant allegedly struck Plaintiff in the face, causing his nose to bleed. (*Id.* ¶ 26.) Bryant then proceeded to place Plaintiff's right hand in handcuffs. (*Id.*) At this point, other correctional officers arrived, and escorted Plaintiff to Post 78 where he was interviewed by Correctional Officers Velez and Durant. (*Id.* ¶¶ 27-28.) After providing his account of the incident to Velez and Durant, Plaintiff was taken to the hospital where he was treated for his injuries. (*Id.* ¶ 29.)

As a result of the altercation, Plaintiff was disciplined with 35 days of segregation. (*Id.* ¶ 30.) He subsequently filed a grievance against Bryant, which was denied. (*Id.* ¶ 31.) Plaintiff filed an appeal of the denial of his grievance, but his appeal was also denied. (*Id.* ¶ 32.)

Plaintiff alleges that the Cook County Department of Corrections ("DOC") operates under a "pervasive and long-standing 'code of silence'" whereby correctional officers are prevented from reporting misconduct by fellow officers. (*Id.* ¶¶ 33-34.) He alleges that this "code of silence" is sanctioned by high-level officials of Cook County, including Dart, resulting in a widespread failure to investigate and punish correctional officers' use of excessive force. (*Id.* ¶ 34.) The amended complaint further alleges that Dart's office failed to enforce its own policies designed to protect detainees. (*Id.*)

Plaintiff also alleges that the Cook County DOC maintains a policy of encouraging correctional officers to falsely report that the use of force is justified as a response to assault or threats of physical harm by detainees. (*Id.* ¶¶ 36-38.) Plaintiff alleges that these false reports

2

provide correctional officers with "blanket immunity from discipline" and perpetuate a culture in which Cook County "turns a blind eye" to unlawful use of excessive force. (*Id.* ¶ 38.) Plaintiff alleges that the current grievance procedures as set forth in the Cook County DOC's "General Orders" do not adequately protect detainees, and additionally that Dart fails to adequately enforce these policies. (*Id.* ¶¶ 39-43.) The amended complaint also alleges that correctional officers within the Cook County DOC do not receive adequate training, and that Dart's policy regarding investigations of excessive force is inadequate. (*Id.* ¶ 43.)

Plaintiff asserts a variety of claims against Bryant, Cook County, and Dart. (*Id.*) In Count I, Plaintiff asserts an excessive-force claim against Bryant under the Fourth, Eighth, and Fourteenth Amendments. (*Id.* ¶¶ 44-51.) In Count II, Plaintiff asserts a failure-to-protect claim against Dart under the Fourth, Eighth, and Fourteenth Amendments. (*Id.* ¶¶ 52-62.) In Counts III and IV, Plaintiff asserts a claim against Bryant for assault and battery under Illinois law. (*Id.* ¶¶ 63-73.) More specifically, Plaintiff claims that Dart's failure to protect is a consequence of a systemic failure by Cook County and Dart to promulgate and enforce adequate policies and to effectively monitor correctional officers. (*Id.* ¶ 57.) Plaintiff alleges that this failure is persistent and widespread, and further, that Dart has been deliberately indifferent by failing to remedy this failure. (*Id.* ¶¶ 58-59.) In Count V, Plaintiff brings a *Monell* claim against Dart in his official capacity. (*Id.* ¶¶ 74-84.) Last, in Count VI Plaintiff brings a statutory indemnification claim against Cook County pursuant to 745 ILL. COMP. STAT. 10/9-102 for the recovery of any judgments entered against Bryant or Dart. (*Id.* ¶¶ 85-88.)

## PROCEDURAL HISTORY

Plaintiff filed his initial *pro se* complaint against Bryant on November 18, 2015. (R. 1, Compl.) On December 9, 2016, the Court appointed counsel to represent Plaintiff. (R. 37,

Order.) On April 10, 2017, with counsel's assistance, Plaintiff filed a first amended complaint, adding Cook County and Dart as co-Defendants. (R. 45, Am. Compl.) On August 25, 2017, Bryant filed an answer. (R. 51, Answer.) On October 5, 2017, Cook County and Dart moved to dismiss Counts II and V of Plaintiff's amended complaint for failure to state a claim. (R. 56, Mot. at 1.)

In their motion, Cook County and Dart argue that Plaintiff fails to plausibly allege a federal claim against them in Counts II and V. (*Id.* at 3.) As to Count II, the failure-to-protect claim against Dart, Defendants argue that Plaintiff has fails to plausibly allege that Cook County and Dart have maintained an official custom, policy, or practice which caused Plaintiff injury. (*Id.* at 4-6.)

As to Count V, Defendants argue that Plaintiff has also failed to plausibly allege that Dart was deliberately indifferent to Plaintiff's health and safety. (*Id.* at 8.) Defendants argue that Plaintiff must plausibly allege that Dart had personal knowledge that a substantial risk of harm to Plaintiff existed on October 18, 2015, and that Dart personally failed to protect Plaintiff from that risk. (*Id.* at 8-9.) Because Plaintiff has failed to allege sufficient facts to make it plausible that Dart had a personal involvement in Plaintiff's alleged violation of constitutional rights, Defendants move to dismiss Count V. (*Id.*)

## LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation omitted). In order to survive a motion to dismiss under Rule 12(b)(6), the complaint must allege enough factual information to state a claim to relief that is plausible on its face. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015). "A

4

claim has facial plausibility when the plaintiff pleads factual content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When reviewing a 12(b)(6) motion, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). However, mere conclusory statements are insufficient to survive a motion to dismiss, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citation omitted).

## ANALYSIS

### I. Individual-Capacity Claim Against Dart (Count II)

Defendants argue that Plaintiff's claim against Dart in his individual capacity should be dismissed. (R. 56, Mot. at 7-9.) In order to state a claim against Dart, Plaintiff must plausibly allege that Dart was personally responsible for the deprivation of Plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). There is no theory of *respondeat superior* in Section 1983 cases; however, an official satisfies the personal responsibility requirement if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). Plaintiff must therefore allege factual content sufficient to make it plausible that there is some causal connection or affirmative link between the action complained of and the official being sued. *Gentry*, 65 F.3d at 561.

In order to state an individual-capacity claim against Dart, Plaintiff must allege sufficient facts to make it plausible that Dart was (1) aware of substantial risk of known harm to Plaintiff, and (2) that Dart failed to protect him from that danger. *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011). This requires factual content sufficient to show that the alleged harm suffered by Plaintiff was objectively serious, and that Dart was subjectively aware of "facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). "[C]learly localized" allegations of random misconduct by Dart's subordinates, where Dart is not alleged to have had knowledge of the facts underlying the claim, would not give rise to individual liability under Section 1983. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996) (holding that a sheriff and jail director could not be held personally liable for "localized," non-systemic violations such as the denial of requests to attend religious services, taking and destroying property by jail staff, and ignoring requests for psychological treatment). However, where a Plaintiff alleges "systematic claims" from "patterns of behavior" in numerous incidents, that may clear the hurdle and give rise to individual liability against a high-ranking prison official. *Id.* at 1429-30.

Plaintiff alleges that Dart failed to act to investigate and punish correctional officers for instances of excessive force and that he failed to enforce policies to protect Plaintiff and other pre-trial detainees. (R. 45, Am. Compl. ¶¶ 33-35.) Plaintiff further alleges that during his time at the Cook County DOC, he endured "numerous physical attacks by other correctional officers . . . [and] has filed several grievances, with no results, except to engender further wrath from guards, who administer further beatings in retaliation." (*Id.* ¶ 5.)

Plaintiff pleads that the constitutional deprivation he suffered was a "consequence of the systematic failure of . . . the Sheriff's Office to promulgate and enforce adequate policies, and train, monitor, supervise, investigate, and discipline correctional officers" for instances of excessive force, of which Dart had actual or constructive notice. (*Id.* ¶¶ 57-58.) Where officials like Dart "can be expected to know of or participate in creating systemic, as opposed to localized, situations," they may be individually liable under Section 1983. *Antonelli*, 81 F.3d at 1429. Construing the allegations in Plaintiff's favor, Plaintiff has therefore plausibly alleged that Dart may be individually liable for the alleged violation of Plaintiff's constitutional rights.

## II. *Monell* Claim Against Dart (Count V)

Defendants next argue that Plaintiff fails to state a *Monell* claim against Dart in Count V. (R. 56, Mot. at 4-6.) In order to state a viable *Monell* claim, Plaintiff must plausibly allege that he suffered a deprivation of his constitutional rights as a result of an official government custom, policy, or practice. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). This requirement is met where: (1) a municipality has an express policy that causes a constitutional deprivation when enforced; (2) there exists a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a "custom or practice" with the force of law; or (3) a person with final policymaking authority caused the constitutional injury. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Additionally, Plaintiff must allege facts sufficient to make it plausible that Dart was (1) aware of the risk created by the policy, custom, or practice, and (2) failed to take appropriate steps to protect Plaintiff. *Thomas*, 604 F.3d at 303; *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (noting that plaintiff must allege that defendant was "deliberately indifferent as to known or obvious consequences" of the custom or practice).

7

Plaintiff alleges that his constitutional deprivation was the result of a widespread practice "so well-settled and permanent so as to create an official custom or policy of the Cook County jail." (R. 45, Am. Compl. ¶ 79.) Specifically, Plaintiff alleges that "there was in place in the Cook County Department of Corrections a custom or policy under which [correctional officers] routinely caused serious injury and harm to detainees . . . in their custody." (*Id.* ¶ 78.) He also alleges that a "code of silence" exists regarding the use of excessive force on pre-trial detainees, and that it is both well-known and sanctioned by Dart. (*Id.* ¶¶ 33-35.) Plaintiff alleges that his and other inmates' constitutional rights were violated on numerous occasions with Dart's alleged knowledge and sanction of this custom. (*Id.* ¶¶ 77-81.) Last, Plaintiff alleges that Dart has "turned a blind eye" and has shown deliberate indifference to the beatings, grievances, and additional charges brought against pre-trial detainees who have been attacked by correctional officers for non-penal purposes. (*Id.* ¶¶ 37-38, 48.)

In *White v. City of Chicago*, 829 F.3d 837 (7th Cir. 2016), the Seventh Circuit concluded that a plaintiff may adequately state a *Monell* claim based on their own experience—that is, a plaintiff is "not required to identify every other or even one other individual" whose constitutional rights have been violated by the complained-of policy, custom, or practice. *White*, 829 F.3d at 844. Although Plaintiff has not alleged any other specific instances where the policy or practice caused constitutional violations, he need not do so in order to survive a motion to dismiss. *White*, 829 F.3d at 844; *see also Stokes v. Ewing*, No. 16 C 10621, 2017 WL 2224882, at *3-4 (N.D. Ill. May 22, 2017) (plaintiff's allegations that he was falsely arrested pursuant to a "custom, practice, and policy" that "promoted illegal arrests of innocent individuals" sufficient to survive a motion to dismiss under *White*); *Zinn v. Vill. of Sauk Vill.*, No. 16-cv-3542, 2017 WL 783001, at *6-7 (N.D. Ill. Mar. 1, 2017) (holding that plaintiffs sufficiently pled a *Monell* claim

under *White* where plaintiffs alleged that they suffered a constitutional deprivation "pursuant to [defendant village's] widespread practice of illegally and unconstitutionally seizing private property" and charging monetary fees for its return (citation omitted)); *Williams v. City of Chicago*, No. 16-cv-8271, 2017 WL 3169065, at *9 (N.D. Ill. July 26, 2017) ("Under the binding precedent set by *White* . . . Plaintiff's allegations of a pattern or practice of ignoring complaints of discrimination are enough to survive a motion to dismiss."). The Court therefore finds that Plaintiff has sufficiently pleaded factual content in Count V to survive dismissal.

### III. Excessive-Force Claim Against Cook County and Dart

In their motion to dismiss, Cook County and Dart also moved to dismiss Count I insofar as it asserted an excessive-force claim against them. Plaintiff, in response to the motion, conceded that "Bryant is the only proper defendant for the excessive force claim in Count I," (R. 62, Resp. at 3), and sought leave to file a second amended complaint clarifying that Count I is asserted only against Bryant, (*see* R. 62-1, Proposed Second Am. Compl. ¶ 44). Therefore, the motion to dismiss Count I against Cook County and Dart is denied as moot.

### CONCLUSION

For the foregoing reasons, Cook County and Dart's motion to dismiss (R. 56) is DENIED. The parties are directed to exhaust all remaining possibilities to settle this case in light of this opinion, and the settlement conference set for May 30, 2018, at 10:15 a.m. will stand.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: May 14, 2018